### CONVICTION UNDER AN INVALID ORDINANCE.

Circuit Court of Cuyahoga County.

W. C. GATES v. THE CITY OF CLEVELAND.

Decided, June 2, 1911.

*Police Court—Judicial Notice of Ordinance of Municipality—Reviewing Courts Can Not Take Judicial Notice of Ordinances—Exposing Turnips for Sale in Unsealed Receptacle, Not an Offense.*

1. The police court of a municipal corporation may take judicial notice of its ordinances, but the common pleas and circuit court may not do so.
2. Upon conviction in a police court for violation of a municipal ordinance of which that court took judicial notice, the bill of exceptions failing to show the terms of the ordinance, the higher courts will assume the existence of a valid ordinance authorizing the conviction, if the offense charged in the affidavit is one as to which the municipality has power to legislate.
3. Municipal corporations are not vested with power to make it an offense "to expose for sale turnips in a receptacle not tested, marked and sealed by the city sealer," and a conviction by a police court on such a charge will be set aside.

*E. J. Pinney* and *G. W. Rosenberg*, for plaintiff in error.
*N. D. Baker*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

An affidavit was filed in the police court of the city of Cleveland, charging that in the city of Cleveland, on January 3d, 1911,

W. C. Gates "exposed for sale turnips in a receptacle not tested, marked and sealed by the city sealer, contrary to an ordinance of said city." Thereupon Gates was arrested, tried and convicted. On error prosecuted by him in the court of common pleas, this conviction was affirmed. We are asked to reverse this affirmance and the original judgment of conviction. The ground of reversal urged is that the ordinance under which the conviction was had is invalid.

This court, as we have held in several cases, can not take judicial notice of municipal ordinances, hence, since the bill of exceptions does not contain the ordinance, we can not know how it reads; and this was true also of the court of common pleas. If it be said that, since the police court takes judicial notice of ordinances, there would, of course, be no question for its introduction as evidence on a trial in that court, and hence it could not properly be contained in the bill of exceptions taken from the court.

We have pointed out in other cases that the police court could have made a copy of the ordinance a part of the bill, certifying that the prosecution was had under such ordinance. By this means the reviewing court has the ordinance before it for consideration.

However, the defendant in error, the city, loses nothing by the absence of the ordinance, because, as we have held in other cases, we must presume, in the absence of the ordinance, that the police court did not err in the application of it, and that the ordinance is valid, unless the city was without authority to pass a valid ordinance which would make it an offense to do that which the affidavit here charges Gates with doing.

So we have directly presented the question: Has a municipality authority under the statutes of the state to make it an offense to "expose for sale turnips in a receptacle not tested, marked and sealed by the city sealer?"

The claim on the part of the city is that it has such authority under Section 3651, General Code, which is a section in Chapter 1, Division 2, Title 12, on municipal corporations. This entire chapter is on the enumeration of powers. This section authorizes municipal corporations, by ordinances, "to regulate the

weighing and measuring of hay, wood, and coal and other articles exposed for sale. and to provide for the seizure, forfeiture and destruction of weights and measures, implements and appliances for measuring and weighing, which are imperfect, or liable to indicate false or inadequate weight or measure,'' etc.

To us this statute falls far short of authorizing the municipality to make it an offense to ''expose for sale'' articles that are not in any measuring receptacle or on any weighing device.

If the city could, by ordinance, make it a punishable offense to do what Gates is charged with doing, then if he brought beans in an ordinary barrel, took them to the market house, and there exposed them for sale in such quantities as purchasers might desire to buy, having at hand a measure in exact conformity with the standard fixed by law, and which measure had been properly tested, marked and sealed by the city sealer, in which he properly measured every quantity sold, still he would have committed exactly the offense which Gates is charged with.

Every word in this affidavit may be true, and yet, it may be that Gates had his turnips in his wagon box, or in barrels, or in bags, not using any of them as means of measuring them. but only as a convenient way of bringing them to the city, or to the market house, or about the city, as a huckster, from house to house, having and using at every sale the properly tested and sealed measure.

It is possible that if the charge was that he had exposed these turnips for sale in a receptacle purporting to be, or used by him as a measure, for such turnips, we might reach the conclusion that the city could, by ordinance, make that an offense, under the authority of the statute; but we are clearly of the opinion that the Legislature of the state has not conferred upon the city the authority to make that an offense which is charged in this affidavit against Gates.

It follows that the judgment of both the court of common pleas and of the police court must be reversed.